## S. S. Van Wye v. E. J. Clark.

Register of Deeds — *Election — Duties Assumed in Advance.* Gray county was organized in July, 1887, and the first election was held in October of that year, when, among other officers, B. was elected as register of deeds. At the general election in November, 1887, O. was chosen as register of deeds for the regular term commencing January, 1888, and he qualified and took possession of the office nearly two months before the beginning of his term. At the general election in 1888, votes were cast for V. for register of deeds, and upon a canvass he was declared to have been elected to that office. His demand for the office was refused, and he then instituted this proceeding against O. to obtain possession of the same. *Held,* That O. is entitled to hold the office for the regular term ending in January, 1890; and that his right to the same was not affected by assuming its duties in advance of the commencement of his term.

*Original Proceeding in Quo Warranto.*

The facts are stated in the opinion, filed on June 7, 1889.

*W. A. Frush,* and *A. J. Bryant,* for plaintiff.

*C. N. Sterry,* and *Geo. W. Dunn,* for defendant.

The opinion of the court was delivered by

Johnston, J.: This was an action in the nature of *quo warranto,* brought originally in this court, to determine the title to the office of register of deeds of Gray county. That county was duly organized in July, 1887, and the first election occurred in October, 1887, when J. W. Brokaw was elected register of deeds. At the general election held in the county on November 8, 1887, E. J. Clark was voted for as register of deeds, and upon a canvass of the votes he was declared to have been duly and legally elected to that office. Soon after the election, he entered upon the duties of the office, and has continued to hold the same ever since that time. Prior to the general election in 1888, S. S. Van Wye announced himself as a candidate for the office of register of deeds, had his name placed on the tickets, and was voted for as such candidate; and upon a canvass of the votes cast at

that election, he was declared to have received a majority of the votes cast, and to have been duly elected as register of deeds. He took the oath of office and filed a bond, and then demanded the possession of the office, together with all the books and papers, from Clark, who refused to surrender the same to him, claiming that his term of office did not expire until the second Monday in January, 1890. Van Wye then began this proceeding, setting up the facts already stated, and also the additional fact that Clark had failed to file a bond and take the oath of office within the time required by law; but he now waives that point and withdraws the allegation. Clark answers, admitting the election of himself and of his predecessor to the office of register of deeds of Gray county, as alleged in the petition, and denies the allegations which the plaintiff has since withdrawn. No testimony was offered in behalf of the plaintiff, and the action is to be determined upon the admitted facts, as the defendant now moves for judgment upon the pleadings.

The plaintiff shows no right to the office. The general election in 1887 was the proper time to elect a register of deeds in each organized county of the state for the regular term beginning on the second Monday of January, 1888. (Comp. Laws of 1885, ch. 36, § 108.) Clark was then chosen, and, so far as the record shows, he was elected for the regular term which expires in January, 1890. His predecessor, chosen at the first election after the organization of the county, was only elected to serve until the next general election, and until his successor was elected and qualified. (Comp. Laws of 1885, ch. 24, § 116.) At the general election when Clark was chosen there should probably have been an election to fill the vacancy or unexpired term, ending in January, 1888, as well as for the regular term commencing at that time. It is not alleged what the notice of election with respect to this office was, nor what was shown upon the ballots cast. If Clark was voted for to serve out the unexpired term of about two months, which ended in January, 1888, and no person was elected for the regular term in January, 1890, there would be

some room for the contention of the plaintiff. It has been suggested that in a case like this, where an election to fill a vacancy and for a regular term was to be held at the same time, and ballots are cast in the ordinary way, as for a regular term, without designating that they were intended to be cast for the filling of a vacancy, the presumption would be that the electors intended their votes to be cast and counted for the regular term. We are not left to presumptions, however, in the present case, as the petition of the plaintiff expressly admits that the defendant was chosen for the regular term. He states: "That this defendant took possession of and entered upon the duties of said office of register of deeds of said Gray county, and received the pay and emoluments thereof for nearly two months before the commencement of the said regular term, beginning on the second Monday of January, 1888, *and for which he was elected under the law.*" In other parts of the petition the defendant's election for the regular term is conceded. It is true that Clark entered upon the duties of the office in advance of the term for which he was elected; but this does not affect the plaintiff or the result of this case. His action in this respect might have been a proper subject of complaint by his predecessor. If no one was elected for the unexpired term between the general election of 1887 and the second Monday of the January following, as seems to have been the case, Brokaw was entitled to hold the office during that time. But for some reason he surrendered it to Clark. The fact that Clark took possession of the office and discharged its duties before he was entitled to do so, cannot operate to deprive him of the office for the regular term for which he was chosen. Judgment must therefore go in favor of the defendant.

All the Justices concurring.